(November 20, 1984)

■ ROY A. SIMMONS, Appellant, v RUEL BALCARRAN et al., Respondents. — Order of the Supreme Court, Bronx County (Anthony Mercorella, J.), entered on September 13, 1983, which, *inter alia,* awarded custody of the infant child jointly to the father and the grandparents, directed that both the father and the grandparents shall have the legal right to consult with all school, medical and other professionals who service the child and that all reports from such persons be sent to both parties, ordered that the father and grandparents cooperate to provide the emotional and financial support necessary for the child and granted visitation rights to the grandparents, is modified, on the law, to the extent of awarding sole custody to the father, deleting the direction that both the father and the grandparents shall

have the legal right to consult with all school, medical and other professionals who service the child and that all reports from such persons be sent to both parties, deleting the provisions that the father and grandparents cooperate to provide the emotional and financial support necessary for the child, delete as academic the paragraph stating that the father shall have the final decision-making power in the event of a conflict between the parties concerning the child, and otherwise affirmed, without costs or disbursements.

Petitioner herein, father of the infant child, is 23 years of age. He attended college for two and one-half years and has expressed an interest in completing his education. At the time of trial, he was employed by Bell Security Company. Petitioner has been involved with his daughter, whose mother died when she was three months old, since her birth. The trial court, after hearing the evidence in this case, determined that "there are no extraordinary circumstances present which would justify depriving a natural parent of the custody of the child. There have been no allegations nor findings of abandonment, neglect, or surrender. Since the infant is now 13 months old and has had regular contact with its father, the transfer of custody will not be disruptive to the child's mental well-being. In addition, the evidence shows that the child's needs will be satisfied." The record in connection with the instant matter supports such a conclusion.

The law in this State is clear that a parent has "a right to the care and custody of a child, superior to that of all others, unless he or she has abandoned that right or is proved unfit to assume the duties and privileges of parenthood." (*People ex rel. Kropp v Shepsky*, 305 NY 465, 468; see, also, *Matter of Male Infant L.*, 61 NY2d 420; *Matter of Dickson v Lascaris*, 53 NY2d 204; *People ex rel. Scarpetta v Spence-Chapin Adoption Serv.*, 28 NY2d 185.) In the absence of "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances", a parent may not be denied custody of his or her child. (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; see, also, *Matter of Male Infant L., supra; Matter of Dickson v Lascaris, supra.*) While it is true that in a custody dispute between two parents, the primary consideration is the "best interests" of the child (*Matter of Nehra v Uhlar*, 43 NY2d 242), in situations involving natural parents and others, the "best interest" question will not even be reached absent the type of extraordinary circumstances described by the Court of Appeals in *Matter of Male Infant L. (supra)* and *Matter of Bennett v Jeffreys (supra)*. As the court explained in *Matter of Male Infant L. (supra,* at p 427): "For once it is found that the

parent is fit, and has neither abandoned, surrendered, nor otherwise forfeited parental rights, the inquiry ends and the natural parent may not be deprived of the custody of his or her child."

Since there is no indication that petitioner was anything other than a fit and loving father, the trial court was not warranted in limiting petitioner's parental authority by awarding joint custody to the grandparents and granting the latter the right of consultation with "all school, medical, and other professionals who service [the child]". It is, however, to the child's benefit for her to continue to maintain regular contact with her grandparents, and accordingly, it was appropriate for the court to order visitation rights. (See Domestic Relations Law, § 72.) Concur — Murphy, P. J., Sullivan and Milonas, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm the determination for joint custody which, pursuant to its provisions, makes the father first among equals, that is, in connection with the grandparents on the late mother's side.

The grandparents reared the child until the present time when the child is three years old. At the time of the hearing, the father had not established, by filiation proceeding, his legal relationship. He has had a checkered employment career, and it is in the best interests of the child to have loving grandparents continue to have a direct interest in her well-being.